IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 03-259 |
| | ) | |
| ANTONIO STITT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

AND NOW, this 4th day of March, 2021, upon consideration of the motion for reduced

sentence,[1] pursuant to 18 U.S.C. § 3582(c) and the First Step Act, Pub. L. No. 115-391, 132 Stat.

5194 (2018) (Doc. Nos. 258, 259), filed by Defendant, Antonio Stitt ("Defendant"), in the above

captioned matter on July 14, 2020; the amended motion for reduced sentence (Doc. No. 266),[2]

filed by Defendant's counsel on November 6, 2020; the Government's response in opposition

thereto (Doc. No. 273), filed December 18, 2020; and Defendant's counseled reply (Doc. No.

276), filed January 5, 2021,

IT IS HEREBY ORDERED that, for the reasons set forth below, the motion is DENIED.

On July 7, 2004, Defendant pleaded guilty to a violation of 21 U.S.C. § 846: conspiracy

to distribute and possess with intent to distribute five kilograms or more of a mixture and

---

[1] The title of Defendant's *pro se* filing is "Petition for Reduction in Sentence Under
§ 3582(c)(2)," and the subsequent counseled filing is titled "Amended Petition for Reduction of
Sentence Pursuant to the First Step Act, 21 U.S.C. Section 851." Doc. Nos. 258, 266. Because a
defendant seeking sentence modification pursuant to 18 U.S.C. § 3582(c) does so by motion, the
Court will refer to Defendant's request as the "motion for reduced sentence" throughout.
[2] The Government addresses Defendant's *pro se* and amended motion in its response, therefore
the Court will consider all arguments advanced therein, rather than treating the amended motion
as superseding the *pro se* filing.  The Court discerns no prejudice to the Government in its
treatment of the amended motion as supplemental, rather than superseding.

substance containing a detectable amount of cocaine, a schedule II controlled substance, in

violation of Section 841(a)(1) and (b)(1)(A)(ii).  On October 7, 2004, he was sentenced to a 262-

month term of imprisonment—the least amount of time permitted by the then-mandatory United

States Sentencing Guidelines ("Guidelines").  While his case was pending appeal, the Supreme

Court announced its decision in *United States v. Booker*, 543 U.S. 220 (2005), rendering the

Guidelines advisory.  Defendant's case was remanded, and, on April 27, 2006, this Court

imposed a 240-month term of imprisonment.  The Court could go no lower, as Defendant had

previously been convicted of a felony drug offense, resulting in a twenty-year statutory minimum

term of imprisonment.[3]

Pending before the Court is Defendant's motion for a reduced sentence.  Defendant, who

is scheduled to be released in approximately fifty-five months on October 15, 2025, advances

five arguments in support of his requested relief.  Defendant first argues that Section 401 of the

First Step Act—amending 21 U.S.C. § 841—may be retroactively applied to reduce his term of

imprisonment.  Next, he argues Section 404 of the First Step Act, which addresses persons

convicted of crack cocaine offenses, gives the Court authority to reduce his sentence.  Defendant

then turns to the Guidelines and argues the Court may reduce his sentence because sentence

reductions are permitted where an applicable sentencing range is lowered by the Sentencing

Commission.  He further challenges his designation as a career offender at sentencing, disputing

whether his prior Pennsylvania conviction of possession with intent to deliver was a qualifying

---

[3] Pursuant to 21 U.S.C. § 851, the Government filed an information concerning the prior felony
drug offense conviction for the enhanced penalty at 21 U.S.C. § 841(b)(1)(A).  The prior
conviction identified in the information was Defendant's 1998 conviction for possessing with
intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Tentative Findings and
Rulings Concerning Disputed Facts or Factors, Doc. No. 105, pg. 2 n.1 (citing Addendum to the
Presentence Report, pg. 1).

controlled substances offense.  Finally, Defendant argues that the COVID-19 pandemic and, primarily, his asthmatic condition, constitute extraordinary and compelling reasons warranting his release.  For the reasons set forth below, the Court will deny the motion.

Once a term of imprisonment is imposed, a district court rarely has the authority to modify it.  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010).  Subsection 3582(c) of Title 18 gives defendants, the Director of the Bureau of Prisons ("BOP"), and the courts limited permission to seek to modify a sentence.  Section 3582(c)(1)(A) permits reduction of a term of imprisonment upon a motion filed by the BOP Director or a defendant where "extraordinary and compelling reasons warrant such a reduction," and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission," subject to certain procedural requirements.  Courts deciding a Section 3582(c)(1)(A) motion must also consider the sentencing factors at 18 U.S.C. § 3553(a).  Section 3582(c)(1)(B) permits modification of a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Section 3582(c)(2) gives courts authority to reduce a term of imprisonment upon its own motion, as well as that of the BOP Director or a defendant, for "defendants initially 'sentenced to a term of imprisonment based on' a United States Sentencing Guidelines (USSG) range that was later lowered by the United States Sentencing Commission."  *United States v. Rivera-Cruz*, 904 F.3d 324, 325 (3d Cir. 2018).

In his motion for reduced sentence, Defendant first argues for a sentence reduction based on Section 401 of the First Step Act, employing the permission to modify a term of imprisonment "as expressly permitted by statute," found at 18 U.S.C. § 3582(c)(1)(B).  *See United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020) ("First Step Act motions fall under § 3582(c)(1)(B).").  Section 401 of the First Step Act amended the Controlled Substances Act

(21 U.S.C. § 801 et seq.): subsection 401(a)(1) amended the definition of "serious drug felony" at 21 U.S.C. § 802(57); subsection 401(a)(2) took five years off the enhanced minimum sentence found at 21 U.S.C. § 841(b)(1)(A), and replaced the term "felony drug offense," with "serious drug felony." Section 401 of the First Step Act is, by its express terms, not applicable to cases wherein a sentence had already been imposed on the date of enactment, December 21, 2018. First Step Act § 401(c); *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019) ("Congress's use of the word 'imposed' thus clearly excludes cases in which a sentencing order has been entered by a district court from the reach of the amendments made by the First Step Act."). Defendant, who was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A) in 2006, and therefore, because of a prior drug felony, was subject to the twenty-year minimum, argues he should benefit from the new fifteen-year minimum and "serious drug felony" definition.[4] However, Defendant's sentence had long been imposed by December 21, 2018 when those provisions took effect, therefore he cannot benefit from them. First Step Act § 401(c); *Aviles*, 938 F.3d at 510.

Defendant also argues for a reduced sentence through Section 3582(c)(1)(B) pursuant to Section 404 of the First Step Act, which "in conjunction with the Fair Sentencing Act of 2010, reduced the penalties for crack [cocaine] offenses by increasing the drug quantities required to trigger the statutory sentencing ranges." *United States v. Alford*, No. 20-1798, 2021 WL 56940, at *1 (3d Cir. Jan. 7, 2021). Unlike Section 401, Section 404 is explicitly retroactive, however it

---

[4] Defendant refers to a Pennsylvania conviction of a felony drug offense, and argues "under the First Step Act, this would not count as a prior offense." Doc. No. 266, pg. 1. However, the prior conviction that enhanced Defendant's term of imprisonment was his violation of 21 U.S.C. § 841(a)(1), carrying a maximum term of imprisonment of at least ten years, for which Defendant actually served more than twelve months. He was released from that term of imprisonment just weeks before engaging in the criminal conduct that led to his current confinement. This offense would constitute a serious drug felony predicate notwithstanding Section 401's amendments to the Controlled Substances Act.

only benefits defendants who were subject to a sentence imposed for a covered, i.e., crack cocaine, offense.  First Step Act § 404(b).  *See Alford*, 2021 WL 56940, at *2 (citing *United States v. Jackson*, 964 F.3d 197, 200 (3d Cir. 2020)).  Defendant is serving his sentence for an offense involving powder cocaine, not crack cocaine.  Therefore, he may not invoke Section 404 of the First Step Act to his benefit in a motion for a sentence modification brought pursuant to Section 3582(c)(1)(B).

Defendant's next argument for a reduced sentence is advanced under 18 U.S.C. § 3582(c)(2).  Doc. Nos. 258; 259-1, pgs. 2, 8; 266, pg. 2.  Subsection 3582(c)(2) permits courts to reduce a term of imprisonment where a defendant was previously sentenced "based on a [Guidelines] sentencing range," that the Sentencing Commission thereafter lowered.  *United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013).  Where a defendant's sentence was not based on the guidelines range, a subsequent lowering of that range does not permit reduction of the sentence.  *United States v. Mainor*, 725 F. App'x 85, 86 (3d Cir. 2018).  Defendant in this matter is not serving a sentence based on the guidelines range for his offense.  When the Court resentenced Defendant in 2006, the Court varied from the guidelines range and imposed the statutory minimum sentence of 240 months' imprisonment.  Doc. No. 154.  The Court was clear that the new sentence was ultimately based on the statutory minimum penalty.  Doc. No. 160, Resentencing Transcript ("[T]herefore in this case based upon the Defendant having a prior conviction, there is a statutory minimum of 20 years to which the Court intends to sentence the Defendant.").  *See United States v. Stitt*, 279 F. App'x 168, 169 (3d Cir. 2008) (affirming the Court's judgment regarding Defendant's post-*Booker* resentencing and remarking that the Court imposed as low of a sentence as it had the authority to impose).  Because Defendant's sentence was based on the statutory minimum term of imprisonment, and not the guidelines range, the

5

Court "lack[s] authority to reduce [his] sentence under § 3582(c)(2)." *Mainor*, 725 F. App'x at

86.[5]

_____

[5] In the motion before the Court, Defendant also appears to challenge the Court's original sentencing determination, specifically the Court's determination that Defendant qualified as a career offender under U.S.S.G. § 4B1.1.  Doc. No. 259-1, pg. 7 (arguing his state controlled substances offense was categorically overbroad); Doc. No. 266, pg. 1 ("[T]he issue becomes whether the Defendant is a 'career offender' pursuant to U.S.S.G. 4B1.1 and ineligible for relief.").  To the extent Defendant's motion attacks the merits of the determination, that would be beyond the scope of a motion brought under Section 3582(c).  The appropriate vehicle for such an argument would be 28 U.S.C. § 2255.  *But see United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020) (holding "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255").  However, Defendant employed Section 2255 once already, asking the Court to vacate his sentence due to ineffective assistance of counsel.  Doc. No. 176. The Court denied that petition, as well as Defendant's motion to alter or amend the judgment. Doc. Nos. 197, 198, 200.  *See United States v. Stitt*, No. 11-2738 (3d Cir. Sept. 28, 2011) (denying Defendant's request for a certificate of appealability).  Defendant lacks certification from the Third Circuit for a second Section 2255 challenge, as required in Subsection 2255(h). Therefore, to the extent the Court would construe what Defendant identifies as his Section 3582 motion as a second Section 2255 petition, the Court would dismiss for lack of jurisdiction. *United States v. Patton*, 619 F. App'x 43, 45 n.1 (3d Cir. 2015) (citing *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). Further, the Court repeats that the sentence Defendant is presently serving is not based upon the career offender designation and Guidelines range.  Rather, Defendant's 240-month term of imprisonment was ultimately imposed because the Court had no authority to go lower than the statutory minimum penalty found at 21 U.S.C. § 841(b)(1)(A).

It is possible Defendant raises the career offender issue so that, analyzing his request under 18 U.S.C. § 3582(c), the Court would not err as other district courts have in finding him ineligible for a First Step Act reduced sentence on account of the career offender designation. *See* Doc. No. 266 (citing *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019) (reversing the district court's determination that Section 3582(c)(2) was the appropriate vehicle for requesting a sentence modification pursuant to Section 404 of the First Step Act, and identifying Section 3582(c)(1)(B) as the appropriate vehicle); *see also* Doc. No. 259-1, pg. 6 (citing *United States v. Beamus*, for the proposition that a career offender designation does not prohibit sentence modifications for defendants eligible for such under Section 404 of the First Step Act.  943 F.3d 789, 791 (6th Cir. 2019)).  However, as explained supra, Defendant is ineligible for a sentence modification pursuant to Section 3582(c)(1)(B) because neither Section 401 nor Section 404 of the First Step Act are applicable to him.  He is separately ineligible for a sentence modification pursuant to Section 3582(c)(2) because he was not subject to a sentence based on a sentencing range that has subsequently been lowered.

Finally, Defendant requests that the Court, in its discretion under Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, reduce his sentence.  Under the amended provision:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  The text requires, as an initial matter, that courts assess movants' compliance with the exhaustion provision therein, before considering the movants' proposed extraordinary and compelling reasons.  The exact requirements of the exhaustion provision are the subject of some debate among courts in this Circuit, owing to perceived tension between two recent precedential Third Circuit opinions.  In *United States v. Raia*, an inmate requested compassionate release from his warden, and the BOP responded, but, before thirty days had passed, the inmate filed a motion for compassionate release with the court.  *United States v. Gadsden*, No. CR 09-305, 2020 WL 5407914, at *2 (W.D. Pa. Sept. 9, 2020) (citing *United States v. Raia*, 954 F.3d 594, 596—97 (3d Cir. 2020)).  By the time the Third Circuit decided the case, "approximately 30 days" had passed since the inmate made his request to the warden.  *Id.* Despite the passage of time, the Court strictly enforced Section 3582(c)(1)(A)'s procedural requirement, "rejected this request 'outright' and described the defendant's failure to exhaust administrative remedies as a 'glaring roadblock' making remand to the district court futile." *Id.*

7

Shortly thereafter, in *United States v. Harris*, the Third Circuit held that the exhaustion requirement is satisfied once a movant has merely waited thirty days from the date his warden received his request, regardless of whether the BOP has responded.  973 F.3d 170, 171 (3d Cir. 2020).  This process, by which defendants file a warden request, wait thirty days, and immediately file their motion, has been referred to as the "fast-track option."  *United States v. Somerville*, 463 F. Supp. 3d 585, 592 (W.D. Pa. 2020).  District courts have found the fast-track option, approved of in *Harris*, difficult to reconcile with *Raia*, where the defendant's motion was not remanded though "more than 30 days had passed after his initial request to the warden" at the time of the court of appeals' decision.  *Gadsden*, 2020 WL 5407914, at *4.

In this matter, Defendant, like the defendant in *Raia*, moved the Court to reduce his sentence before he gave the BOP thirty days to consider such a request.  In fact, Defendant initially filed his motion for reduced sentence with the Court *pro se* on July 14, 2020, before he submitted a request with the warden at USP-Victorville at all.  The only warden request in the record is dated October 13, 2020, marked as received October 15, 2020.  Doc. No. 275.  Defendant's counsel amended the motion for reduced sentence on November 6, 2020 (Doc. No. 266), however, even at that time, thirty days had yet to pass since Defendant filed and the warden received a request.

Based on that timeline, it is clear Defendant failed to follow the appropriate procedure when he filed his motion *pro se* on July 14, 2020.  Filing a motion with the Court before making a request of the warden contravenes the express terms of Section 3582(c)(1)(A).  *United States v. Higgins*, No. 3:16-CR-16, 2020 WL 6135683, at *3 (M.D. Pa. Oct. 19, 2020).  A closer question is whether Defendant satisfied the administrative exhaustion provision if the Court were to treat the amended motion as a superseding motion.  The amended motion was filed after Defendant

submitted a request to his warden, and it has now been more than thirty days since the warden received the request.  Courts have considered a motion for reduced sentence where, though a defendant failed to wait the full thirty days before filing his motion with the court, at the time of the motion's adjudication, more than thirty days had passed since the warden's receipt of a request.  *See e.g.*, *Somerville*, 463 F. Supp. 3d at 591 (considering a defendant's motion where it was filed nineteen days after defendant made a request to the warden, but where more than thirty days had passed at the time of adjudication).  *But see Gadsden*, 2020 WL 5407914, at *5. However, considering the plain language of Section 3582(c)(1)(A), *Raia*, and *Harris*, the Court determines Defendant has not satisfied the administrative exhaustion provision of Section 3582(c)(1)(A) because neither his *pro se* motion nor his amended motion were filed *after* the lapse of thirty days from the time the warden at USP-Victorville received his request for release. Nevertheless, as both parties address the merits of Defendant's request for a reduced sentence due to extraordinary and compelling reasons, the Court will consider the merits and deny the motion on two additional, independent bases.

When sentencing courts consider a defendant's request for a reduced sentence under Section 3582(c)(1)(A), they must consider whether "extraordinary and compelling reasons warrant" a reduction of his sentence, and whether "such a reduction is consistent with applicable" Sentencing Commission policy statements.  *Id.*  "Extraordinary and compelling reasons" are not defined by statute.  Rather, Congress tasked the United States Sentencing Commission with providing a definition.  Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).  The Commission provided such a definition at U.S.S.G. § 1B1.13 cmt. n.1(A)—(D).  There, the Commission explained that extraordinary and

compelling reasons exist where: "The defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii).  Extraordinary and compelling reasons also include terminal illness, advanced age, family circumstances, and "[o]ther [r]easons."  *Id.* § 1B1.13 cmt. n.1(A)—(D). The "[o]ther [r]easons" provision is described as "an extraordinary and compelling reason other than, or in combination with, the reasons," enumerated in subsections (A) through (C). Consistent with 28 U.S.C. § 994(t), the Commission noted that rehabilitation "is not, by itself, an extraordinary and compelling reason," warranting release.  *Id.* § 1B1.13 cmt. n.3.

The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.  Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A) [sic]."  *Somerville*, 463 F. Supp. 3d at 594 (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020).  However, the definition at Section 1B1.13 continues to "provide[] helpful guidance."  *Rodriguez*, 451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)).

Defendant's request for compassionate release due to extraordinary and compelling reasons is predicated upon the COVID-19 pandemic, his risk of infection at USP-Victorville, the purported enhanced risk of severe illness or death from COVID-19 due to his medical condition

(mild asthma), and other factors.[6]  Defendant's BOP record confirms that he has mild asthma.
Doc. No. 275-1.  COVID-19 is present at USP-Victorville, though it does not appear to be
rampant.  *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/
(last updated Mar. 2, 2021).  While the Court appreciates the heightened risk of infection
incarcerated persons face in a pandemic, the mere existence of the pandemic is not an
extraordinary and compelling reason justifying early release.  *Raia*, 954 F.3d at 597.  Most
defendants who successfully move the courts for release related to COVID-19 through
Section 3582(c)(1)(A) demonstrate (1) that they are particularly vulnerable to developing severe
illness from COVID-19 because of age or a medical condition(s); and (2) "an actual, non-
speculative risk of exposure to COVID-19 in the facility where the prisoner is held."  *Somerville*,
463 F. Supp. 3d at 597.

    In this matter, Defendant has not made such a showing.  While there is risk of exposure
to COVID-19 at USP-Victorville, Defendant is not uniquely vulnerable to severe illness if he
contracts COVID-19.  Though he has mild asthma, that is not a condition that has been identified
by the Centers for Disease Control and Prevention as one that puts or might put adults at an
increased risk of severe illness from COVID-19.  *See People with Certain Medical Conditions,
Ctrs. for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-
extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021).  Without
any indication Defendant suffers an extraordinary risk of severe illness from COVID-19 due to
his asthma, that is not a sufficient reason for his release.  Neither does the Court find that
disparities in sentences created by the First Step Act are—independently or in combination with

---

[6] Defendant asks the Court to consider his prospective employment, living arrangements, and the percentage of his sentence served.  Doc. No. 276.  In the *pro se* filing, he asked the Court to consider disparities created by the First Step Act.  Doc. No. 259-1, pg. 9.

the other circumstances submitted by Defendant—extraordinary and compelling.  While the Court, without a controlling Sentencing Commission definition of extraordinary and compelling reasons, has broad discretion as to what it will consider in making such a finding, placing much weight on disparities caused by amendments to a statute does not seem entirely appropriate. Congress could have made amendments to 21 U.S.C. § 841 retroactive, but instead was explicit in its intent that the changes enacted under Section 401 of the First Step Act would not be retroactive.  First Step Act § 401(c).  *See United States v. Mainor*, No. CR 06-140-1, 2019 WL 3425063, at *3 (E.D. Pa. July 30, 2019), aff'd, 822 F. App'x 158 (3d Cir. 2020).  Where Congress decided against making Section 401 retroactive, it would be inappropriate for the Court to reduce Defendant's sentence based on disparities caused by the absence of a retroactivity provision.  Accordingly, the Court finds that the COVID-19 pandemic, Defendant's risk of infection, his medical condition, and the other factors Defendant proposes, considered in the aggregate, are not extraordinary and compelling, i.e., "exceptional to a very marked extent" and "forceful."  *United States v. Corey Gadsden*, No. CR 2:09-305, 2021 WL 195267, at *5 (W.D. Pa. Jan. 20, 2021) (quoting *Somerville*, 463 F. Supp. 3d at 595).

Further, even if the Court were persuaded that Defendant faces extraordinary and compelling circumstances justifying his release, the Court would decline to reduce his sentence after considering the factors at 18 U.S.C. § 3553(a).  In deciding a Section 3582(c)(1)(A) motion, courts must "consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  To that end, the Court considers:

> [T]he nature and circumstances of the offense; the defendant's history and characteristics; the kinds of sentences available; the need for the sentence to reflect the seriousness of the offense, promote respect for law, provide just punishment, provide adequate deterrence, protect the public from further crimes, and provide

the defendant with needed correctional treatment in the most effective manner; and
the need to avoid unwarranted sentence disparities among defendants with similar
records who have been found guilty of similar conduct.

*United States v. Brown*, No. CR 13-176-4, 2020 WL 6146620, at \*4 (E.D. Pa. Oct. 20, 2020)

(citing 18 U.S.C. § 3553(a)(1—2, 6)).  The circumstances of the offense underlying Defendant's

conviction and sentence were undoubtedly serious: Defendant participated in a conspiracy to

distribute and possess with intent to distribute copious amounts of powder cocaine.  He engaged

in this criminal conduct mere weeks after he was released from a seventy-five-month term of

imprisonment for his prior violation of 21 U.S.C. § 841(a)(1).  Defendant has also amassed a

significant disciplinary record while incarcerated.[7]  His BOP record contains numerous

infractions for prohibited conduct of the most serious nature, e.g., assault and weapons

possession.  Doc. No. 275-2, pgs. 1—6.  As discussed in depth supra, Defendant is serving the

statutory minimum term of imprisonment for an individual convicted of the instant offense,

subject to the enhancement for his prior felony drug conviction.

    While defendants with similar records and conduct may serve a lesser term of

imprisonment due to the First Step Act's 2018 reduction of that mandatory minimum, that is not

enough to convince the Court release is appropriate.  Requiring Defendant to serve the remaining

years of his sentence will promote respect for the law, provide just punishment, provide adequate

deterrence, and provide additional opportunity for corrective treatment.  Most importantly, in

light of Defendant's criminal and disciplinary records, the Court finds the need to protect the

public from further crimes to be a particularly important reason to deny the request for a reduced

---

[7] Defendant urges the Court not to consider "incidents to prison life" in the Court's
Section 3582(c)(2) analysis.  Doc. No. 259-1, pg. 7.  The Court has dispensed with Defendant's
argument for relief under Section 3582(c)(2) and need not address Defendant's position on the
appropriateness of considering "prison rehabilitation efforts or institutional adjustment" in
Section 3582(c)(2) proceedings.

sentence.  Defendant's history is cause for concern as it relates to the likelihood he will engage in criminal behavior if released from incarceration earlier that presently planned.[8]  Therefore, considering the sentencing factors at 18 U.S.C. § 3553(a), the Court finds it most appropriate to deny Defendant's request for a reduced sentence pursuant to Section 3582(c)(1)(A).

Accordingly, the Court finds a reduced sentence is inappropriate under 18 U.S.C. § 3582(c).  Defendant's motion is therefore denied.

s/ Alan N. Bloch
United States District Judge

ecf:    counsel of record

cc:    Antonio Stitt, Reg. No. 06262-068
U.S.P. Victorville
P.O. Box 3900
Adelanto, CA 92301

---

[8] For the same reasons the Court, considering the need to protect the community from criminal activity under Section 3553(a)(2)(C), is persuaded that Defendant's continued confinement is necessary, the Court finds his release would be inconsistent with U.S.S.G. § 1B1.13(2) (explaining that a reduction in sentence due to extraordinary and compelling reasons is only appropriate where "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)").